IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

YACOUB HUSNI YACOUB,
aka "Jacoub Husni Yacoub",
aka "Husni Yacoub Yacoub",
aka "Yacoub Husni Milbes",

Defendant.

CRIMINAL NO.  14-352 (DRD)

## REPORT AND RECOMMENDATION

Defendant Yacoub Husni Yacoub was charged in Counts One through Fourteen of an Indictment and he agreed to plead guilty to Counts One, Three and Five of the Indictment.  Count One charges that between in or about September 3, 2013, through the date of this Indictment, in the District of Puerto Rico, the defendant, did knowingly embezzle, steal, and purloin money of the Social Security Administration ("SSA") a department or agency of the United States, namely, Social Security Disability Insurance Benefit Payments to which he knew he was not entitled, having a value of approximately $17,500.00 in violation of Title 18, United States Code, Section 641.

Count Three charges that between in or about September 3, 2013, through the date of this Indictment, in the District of Puerto Rico, the defendant, in a matter within the jurisdiction of the Social Security Administration, having knowledge of the occurrence of an event affecting his/her continued right to Social Security Disability Insurance Benefit payments, concealed and failed to disclose to the Social Security Administration, that he was employed, and that he was able to work, with the intent to fraudulently secure payment when no payment was authorized.  In this manner, the defendant, Yacoub Husni Yacoub,

aka "Jacoub Husni Yacoub", "Husni Yacoub Yacoub", "Yacoub Husni Milbes", "Jacobo", received approximately $17,500.00 to which he was not entitled, in violation of Title 42, United States Code, Sections 408(a)(4).

Count Five charges that on or about November 8, 2013, in the District of Puerto Rico, with devising and intending to devise a scheme to defraud the Social Security Administration, and obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and for the purposes of executing his scheme, the defendant caused the Social Security Administration to transmit by means of wire communications in interstate commerce, signals, sounds and transmissions, to his First Bank, bank account, in the amount of $9,676.00, in violation of Title 18, United States Code, Section 1343.

On November 5, 2014, defendant appeared before this Magistrate Judge, since the Rule11 hearing was referred by the Court.  Defendant was provided with a Waiver of Right to Trial by Jury, which he signed and agreed upon voluntarily after examination in open court, under oath.

Defendant indicated and confirmed his intention to plead guilty to Counts One, Three and Five of the Indictment, upon being advised of his right to have said proceedings before a district judge of this court.[1]  Upon verifying through defendant's statement his age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain his capacity and ability

---

[1] The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

United States of America v. Yacoub Husni Yacoub
Criminal No. 14-352 (DRD)
Report and Recommendation
Page 3

to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.[2]

Having further advised defendant of the charges contained in above-stated Counts One, Three and Five, he was examined and verified as being correct that: he had consulted with his counsel Alex Omar Rosa-Ambert, prior to the hearing for change of plea, that he was satisfied with the services provided by his legal representative and had time to discuss with him all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a United States Magistrate Judge, the content of the Indictment and the charges therein, his constitutional rights and the consequences of the waiver of same.

Defendant was specifically apprised by this Magistrate Judge that, upon withdrawing his initial plea of not guilty and now entering a plea of guilty to the charge specified, he was waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict.  He was also waiving his right to be presumed innocent and for the government to meet the obligation of establishing his guilt beyond a reasonable doubt.  Furthermore, he was waiving his right during said trial to confront the witnesses who were to testify against him and be able to cross-examine them, through counsel at said trial, as well as present evidence on his behalf.  He was also waiving the right

---

[2] Defendant stated he is currently receiving mental health treatment with a psychiatrist and a psychologist for severe depression, as part of his conditions of release. Defendant took the following medication in the 24 hours prior to the change of plea hearing: Lexapro, Klonopin and Seroquel for his mental health and Metformin 1000 mg, Glucotrol 10mg and Onglyza 5 mg for diabetes. Defendant averred the intake of these medications does not affect him to understand the proceedings.  A determination of competency was made based on defendant's demeanor, coherent answers to the questions posed and the assertions of counsel.

to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify.  Defendant was specifically apprised of his right to take the stand and testify, if he so decided, or not to testify, and no inference or decision as to his guilt could be made from the fact if he decides not to testify.  Defendant was also explained his right not to incriminate himself; that upon such a waiver of all above-discussed rights a judgment of guilty and his sentence were to be based on his plea of guilty, and he would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel indicated he freely and voluntarily waived those rights and understood the consequences.  During all this colloquy, defendant was made aware that he could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that he may consult with his attorney at any given time as to any issue.

Defendant expressed his understanding of the penalties prescribed by statute for the offenses as to which he was pleading guilty.  The penalty for the offense charged in Count One is a term of imprisonment of not more than ten (10) years, a fine not to exceed two hundred and fifty thousand dollars ($250,000.00), or both a fine and imprisonment, and a term of supervised of not more than three (3) years.

The maximum penalty for the offense charged in Count Three, is a term of imprisonment of not more than five (5) years, and a fine not to exceed two hundred and fifty thousand dollars ($250,000.00), or both a fine and imprisonment, and a term of supervised release of not more than three (3) years.

The maximum penalty for the offense charged in Count Five, is a term of imprisonment of not more than twenty (20) years, a fine not to exceed two hundred and fifty thousand dollars ($250,000.00), or both a fine and imprisonment, and a term of supervised release of not more than three (3) years.

Defendant shall also pay a special monetary assessment of one hundred dollars ($100.00), per count of conviction, for a total of three hundred dollars ($300.00).

Having ascertained directly from defendant that he had not been induced in any way to plead guilty, that no one had forced him in any way to plead guilty, nor that he had been offered any reward or any other thing of value to get him to plead guilty, the document entitled "Plea Agreement (Pursuant to Rule 11(c)(1)(A) and (B) FRCP)" ("the Agreement") and the "Plea Agreement Supplement"[3] were shown to defendant, verifying his signature and initials on each and every page.

Pursuant to said Agreement, and insofar as Counts One, Three and Five, as to which defendant already was aware of the maximum possible penalties, defendant was apprised that it was up to the sole discretion of the sentencing court what the sentence to be imposed on him will be.  Defendant was specifically informed that if the sentencing court were to impose a sentence which turned out to be higher or more severe than the one he might be expecting, for said reason alone, defendant would have no grounds for the court to allow him to withdraw his plea of guilty.

---

[3] Defendant acknowledged discussing the "Plea Agreement Supplement" with his counsel and stated he understood the terms and consequences of the same.  Defense counsel recognized he explained to defendant the content of the "Plea Agreement Supplement" and explained to defendant its consequences.

United States of America v. Yacoub Husni Yacoub
Criminal No. 14-352 (DRD)
Report and Recommendation
Page 6

The above-captioned parties' estimate and agreement that appears on page four (4), paragraph five (5) of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, were further elaborated and explained.   As to Count One, the Base Offense Level is of Six (6), pursuant to U.S.S.G. § 2B1.1(a).  Pursuant to U.S.S.G. § 2B1.1(b)(1)(C), an increase of four (4) levels is agreed for a loss amount of $17,500.00.  Pursuant to U.S.S.G. § 3E1.1, a two (2) levels decrease is agreed for acceptance of responsibility. Therefore, the Total Offense Level is of Eight (8), yielding an imprisonment range of cero (0) to six (6) months if the Criminal History Category is I.[4]

The parties do not stipulate any assessment as to the defendant's Criminal History Category.

The United States will argue for a sentence of imprisonment within the applicable guideline range, as deemed appropriate.  The defendant may argue for any sentence, including a sentence of probation.  The defendant agrees to pay restitution in the amount of $17,500.00.

The United States and the defendant agree that no further  departures and no variance sentence under Title 18, United States Code, Section 3553, shall be sought by the parties.  Should either party request an additional departure or variance, such act will constitute grounds for the other party to request a withdrawal from the terms of this plea agreement.

---

[4] The prosecutor and defense counsel explained that even though Defendant is pleading guilty to Counts One, Three and Five, Count One was the one used for the Sentencing Guidelines calculations as the three (3) counts were grouped.

United States of America v. Yacoub Husni Yacoub
Criminal No. 14-352 (DRD)
Report and Recommendation
Page 7

As part of the written Agreement, the government, the defendant, and his counsel also agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

The government presented to this Magistrate Judge and to defendant, assisted by his counsel, a summary of the basis in fact for the offenses charged and the evidence the government had available to establish, in the event defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and defendant acknowledged the evidence of the government was fully disclosed to them and previously discussed between the two. Defendant was also read and shown a document entitled "Statement of Facts", which had been signed by defendant and his counsel and is attached to the Agreement, wherein the signature of counsel for the government also appears. Defendant was able to understand the explanation and agreed with the government's submission.

Defendant was explained that the Agreement with the government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which defendant, his attorney and the government, have entered.

Having once more ascertained that defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact he is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, defendant was informed that parole has been abolished under the advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without him being released on parole. Defendant was additionally informed that prior to sentence, the sentencing judge will have

United States of America v. Yacoub Husni Yacoub
Criminal No. 14-352 (DRD)
Report and Recommendation
Page 8

a pre-sentence report and that it would be made available to him, to his counsel and to the government, so that they be allowed to correct or object to any information contained in said report which was not accurate.

At sentencing, the United States shall request the dismissal of the remaining counts of the Indictment, if any.

Defendant was informed that he can appeal his conviction if he believes that his guilty plea was somehow unlawful or involuntary or if there is some other fundamental defect in the proceedings which was not waived by his guilty plea. Defendant was also informed that he has a statutory right to appeal his sentence under certain circumstances particularly if the sentence is contrary to law. With few exceptions, any notice of appeal must be filed within fourteen (14) days of judgment being entered in the case. Defendant was also apprised the right to appeal is subject to certain limitations allowed by law because his Plea Agreement contains a waiver of appeal in paragraph eighteen (18) which was read to defendant in open court. Defendant recognized having knowledge of the waiver of appeal, discussing the same with his counsel and understanding its consequences. Defense counsel acknowledged discussing the waiver of appeal and its consequences with his client.

Defendant waived the reading of the Indictment in open court because he is aware of its content, indicating he availed himself of the opportunity to further discuss same with his attorney and then he positively stated that what was contained in Counts One, Three and Five, and was what he had done and to which he was pleading guilty during these proceedings. Thereafter, defendant expressed in no uncertain terms that he agreed with the government's evidence as to his participation in the offenses. Thereupon, defendant

United States of America v. Yacoub Husni Yacoub
Criminal No. 14-352 (DRD)
Report and Recommendation
Page 9

indicated he was pleading guilty to Counts One, Three and Five of the Indictment in Criminal No. 14-352 (DRD).

This Magistrate Judge after having explained to the defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Counts One, Three and Five of the Indictment in Criminal No. 14-352 (DRD).

IT IS SO RECOMMENDED.

The sentencing hearing is set for March 5, 2015 at 9:30 a.m. before Honorable Daniel R. Domínguez, District Judge.

San Juan, Puerto Rico, this 6th day of November of 2014.

s/ CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ-RIVE
UNITED STATES MAGISTRATE JUDGE